UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ORPHEUS GRANT, individually and on behalf of all other persons similarly situated who were employed by AM COMMUNICATIONS LTD, AM COMMUNCATIONS LLC.; AM COMMUNICATIONS OF OHIO LLC; and/or any other entities affiliated with or controlled by AM COMMUNICATIONS, LTD.; AM COMMUNCATIONS LLC; and AM COMMUNICATIUONS OF OHIO LLC; | **COMPLAINT** **COLLECTIVE ACTION and CLASS ACTION** **JURY TRIAL** Docket No.:   3:20-CV-1526 (DNH/ML) |

                                        Plaintiffs,

                    -against-

AM COMMUNICATIONS, LTD.; AM
COMMUNCATIONS LLC; AM
COMMUNICATIONS OF OHIO LLC; and any
related entities,

                              Defendants.

Plaintiff Orpheus Grant (the "Named Plaintiff"), by his attorneys Gattuso & Ciotoli, PLLC;

and Virginia & Ambinder, LLP, allege upon knowledge to themselves and upon information and

belief as to all other matters as follows:

## PRELIMINARY STATEMENT

1.  This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as

"FLSA"), 29 U.S.C. §§ 206, 207, and 216(b); New York Labor Law § 190 *et seq.*, New York

Labor Law §§ 650 *et seq.* and 663; 12 New York Codes, Rules and Regulations (hereinafter

referred to as "NYCRR") §§ 137-1.2 and 137-1.3 to recover unpaid minimum wages, overtime

compensation, and related damages owed to the Named Plaintiff and all similarly situated persons

(collectively "Plaintiffs") who are presently or were formerly employed by AM

COMMUNICATIONS, LTD.; and/or AM COMMUNCATIONS LLC; and/or AM

1

COMMUNICATIONS OF OHIO LLC; and/or any other entities affiliated with or controlled by AM COMMUNICATIONS, LTD.; AM COMMUNCATIONS LLC; and/or AM COMMUNICATIONS OF OHIO LLC;  (hereinafter "AM" or "Defendants") in trades and occupations entitled to receive overtime compensation.

2.   Beginning in 2014 and continuing through the present, Defendants have engaged in a policy and practice of depriving its employees of the applicable straight time wages and overtime wages for work they performed as mandated by federal and state law.

3.   Beginning in 2014 and continuing through the present, Defendants have engaged in a policy and practice of requiring its employees to regularly work in excess of forty (40) hours per week, without providing overtime compensation as required by the applicable federal and state laws.

4.   Defendants failed to provide proper wage notices to Plaintiffs in violation of state law.

5.   Defendants have applied the same employment policies, practices and procedures to all Plaintiffs that worked for Defendants at all of Defendants' locations throughout the United States.

6.   Named Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, all compensation, including straight time wages, minimum wages, and overtime compensation of which they were deprived, plus interest, damages, and attorneys' fees and costs.

## **JURISDICTION**

7.   Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under New York Labor Law.

8. The statute of limitations under FLSA, 29 U.S.C. § 255(a), for willful violations is three (3) years.

9. The statute of limitations under New York Labor Law § 198(3) is six (6) years.

## VENUE

10. Venue for this action in the Northern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## CLASS ALLEGATIONS

11. Named Plaintiff realleges and incorporates by reference all the allegations set forth above.

12. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

13. This action is brought on behalf of Named Plaintiff and a class consisting of similarly situated employees who worked for Defendants as cable television and internet installation technicians throughout the United States.

14. Named Plaintiff and potential plaintiffs who elect to opt-in as part of the collective action are all victims of Defendants' common policy and/or plan to violate the FLSA by failing to pay for all hours worked and overtime compensation at one and one-half the regular hourly rate for hours in excess of 40 per week.

15. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 100 employees. In addition, the names of all potential members of the putative class are not known.

16. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited

to: (1) whether Defendants failed to pay wages owed for all hours worked; (2) whether Defendants properly accounted for and paid all hours worked; (3) whether Defendants paid overtime compensation when owed; and (4) whether Defendants failed to provide New York Plaintiffs with proper wage notices during the time of their employment.

17. The claims of the Named Plaintiff are typical of the claims of the putative class members. Named Plaintiff and putative class members were all subject to Defendants' policies and willful practice of failing to account for and pay all hours worked, including overtime compensation, and other wage violations.

18. Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.  Named Plaintiff has retained counsel experienced in complex wage and hour collective and class-action litigation.

19. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The individual Named Plaintiff and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants.  A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to Defendants' policies.

## **THE PARTIES**

20. Named Plaintiff Orpheus Grant is an individual who is currently a resident of Broome County, New York, and was employed by Defendant(s) out of Defendants' Rochester, New York location as a technician from approximately December 2018 until September 2020.

21. Upon information and belief, Defendant AM  COMMUNICATIONS, LTD.  is a foreign limited liability corporation authorized to do business within the State of New York, with a principal place of business at 5707 State Route 309, Galion, Ohio 44833.

22. Upon information and belief, Defendant AM COMMUNCATIONS LLC is a domestic limited liability company organized and existing under the laws of the State of New York and authorized to do business in New York, with a principle place of business in Niagara County, New York.

23. Upon information and belief, Defendant AM COMMUNICATIONS OF OHIO, LLC. is a foreign limited liability corporation authorized to do business within the State of New York, with a principal place of business at 5707 State Route 309, Galion, Ohio 44833.

24. At all times relevant to this action, Defendants constituted Plaintiffs' employers as defined by NYLL §§ 2(6), 190(3), and 651(6), and 29 U.S.C. § 203, *et seq.*.

## FACTS

25. Plaintiffs repeat and re-allege the foregoing allegations hereof.

26. This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure.

27. This action is brought on behalf of Plaintiff and a putative class and collective consisting of similarly situated employees who worked for Defendants as cable television and internet installation technicians, and other employees performing similar tasks in furtherance of Defendants' operations.

28. While working for Defendants, Plaintiff and other similarly situated employees were regularly required to perform work for Defendants without receiving pay for all hours worked including overtime compensation for hours in excess of 40 in a week, as required by applicable federal and state law.

29. Named Plaintiff worked for Defendants from approximately December 2019 through October 9, 2020.

30. Named Plaintiff was paid approximately $11.80 per hour.

31. Named Plaintiff typically worked Monday through Saturday, from approximately 8:00 or 8:30 a.m., to approximately  8:30 or 9:00 p.m.

32. Throughout the entirety of his employment, Named Plaintiff and those similarly situated were required to attend a regularly scheduled Thursday morning meeting beginning at 7:00 a.m. and lasting to between 8:00 a.m. and 9:00 a.m.

33. The meeting was attended by approximately 20 technicians and five supervisors.

34. After the Thursday morning meetings, Named Plaintiff was required to travel between 30 and 60 minutes to his first service job for the day. Named Plaintiff and those similarly situated were not allowed to clock-in to record his hours for pay until they arrived at the first service job for the day.

35. This policy and practice by Defendants deprived Named Plaintiff and those similarly situated of pay for all hours worked. Much, if not all, of this unpaid time was unpaid overtime.

36. Named Plaintiff and those similarly situated were required to use apps on a cell phone provided by Defendants to record hours worked for pay.  The apps were from Tech Mobile and ADP.

37. Named Plaintiff and those similarly situated were required to clock-in on the apps upon arrival at a customer's residence and clock-out when leaving the customer's residence, and not clock-in again until they arrived at the next customer's residence.

38. Named Plaintiff was instructed by a director from the Cleveland office named Jeff to clock in and out after each job throughout the day. This practice continued through at least late March or early April of 2020.

39. This policy and practice deprived Named Plaintiff and those similarly situated of pay for travel time in between service jobs. Much, if not all, of this unpaid time was unpaid overtime.

40. This policy and practice also deprived Named Plaintiff and those similarly situated of New York State minimum wages for all hours worked.

41. As a result of this policy and practice,  the paystubs that  Named Plaintiff and those similarly situated received from Defendants did not accurately reflect all of the hours that they worked.

**FIRST CAUSE OF ACTION**
**FLSA FAILURE TO PAY OVERTIME COMPENSATION**

42. Plaintiffs repeat and re-allege the allegations set forth above as if fully set forth herein.

43. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

44. Time spent training for an employer is compensable time.

45. Time spent traveling during normal business hours is compensable time.

46. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

7

47. Named Plaintiff and those similarly situated are employees within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

48. Defendants are "employer[s]," within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and, consequently, are liable for violations of FLSA.

49. Defendants failed to pay Named Plaintiff, and similarly situated employees, wages owed for all hours worked including overtime wages at the rate of one and one-half times the regular rate of pay, for the time in which they worked after the first 40 hours in any given week.

50. The failure of Defendants to pay Named Plaintiff and those similarly situated their rightfully owed wages and overtime compensation was willful.

51. By the foregoing reasons, Defendant is liable to Plaintiffs in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

<u>SECOND CAUSE OF ACTION</u>
<u>NEW YORK FAILURE TO PAY MINIMUM WAGES</u>

52. Plaintiffs repeat and re-allege the allegations set forth above as if fully set forth herein.

53. New York Labor Law ("NYLL") § 652(1) and 12 NYCRR § 142-2.1 prescribe a minimum wage that employers must pay to their employees for each hour worked. Defendants are employers within the meaning of the NYLL and Plaintiffs are employees within the meaning of the NYLL.

54. As a result of Defendants' failure to pay Plaintiffs for all time worked, Defendants failed to pay Named Plaintiff, and similarly situated employees, wages owed for all hours worked including the minimum hourly rate required by the NYLL.

55. The failure of Defendants to pay Named Plaintiff and those similarly situated their rightfully owed wages and overtime compensation was willful.

56. By the foregoing reasons, Defendants are liable to Plaintiffs in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees, and costs.

### THIRD CAUSE OF ACTION
### NEW YORK FAILURE TO PAY OVERTIME WAGE COMPENSATION

57. Plaintiffs repeat and re-allege the allegations set forth above as if fully set forth herein.

58. Title 12 NYCRR § 142-2.2 requires that, "[a]n employer shall pay an employee for overtime at a wage rate of 1½ times the employee's regular rate for hours worked in excess of 40 hours in one workweek."

59. New York Labor Law § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorneys' fees."

60. Time spent training for an employer is compensable time.

61. Time spent traveling during normal business hours is compensable time.

62. Upon information and belief, Named Plaintiff and those similarly situated regularly worked more than forty (40) hours a week while working for Defendants.

63. Upon information and belief, Named Plaintiff and those similarly situated did not receive compensation for all hours worked and did not receive overtime compensation at one and one-half times their regular hourly rate for hours in excess of 40 in any given week.

64. Consequently, by failing to pay to Named Plaintiff and those similarly situated for all hours worked and overtime compensation, Defendants violated New York Labor Law § 663 and 12 NYCRR § 142-2.2.

65. Upon information and belief, Defendants' failure to pay overtime compensation to Named Plaintiff and those similarly situated potential plaintiffs was willful.

66. By the foregoing reasons, Defendants have violated New York Labor Law § 663 and 12 NYCRR § 142-2.2, and are liable to Plaintiffs in an amount to be determined at trial, plus interest, damages, and attorneys' fees and costs.

## FOURTH CAUSE OF ACTION
## NEW YORK FAILURE TO PAY WAGES

67. Plaintiffs reallege and incorporate by reference all the allegations set forth above.

68. Pursuant to Article Six of the NYLL, workers, such as Named Plaintiffs and putative class members, are protected from wage underpayments and improper employment practices.

69. Pursuant to Labor Law § 190, the term "employee" means "any person employed for hire by an employer in any employment."

70. As persons employed for hire by Defendants, Named Plaintiff and those similarly situated are "employees," as understood in Labor Law § 190.

71. Pursuant to Labor Law § 190, the term "employer" includes any "person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service."

72. As an entity that hired Named Plaintiff and those similarly situated, Defendant is an "employer."

73. Named Plaintiff and those similarly situated wage rates were within the meaning of NYLL

§§ 190, 191.

74. Pursuant to NYLL § 191 and cases interpreting same, workers, such as Named Plaintiffs and putative class members, are entitled to be paid all their weekly wages "not later than seven days after the end of the week in which the wages are earned."

75. Defendants failed to pay Named Plaintiff and members of the putative class their hourly wage for all hours worked.

76. Unpaid time work includes, but is not limited to, time spent traveling between jobs and at morning meetings.

77. In failing to pay Named Plaintiff and putative class members proper wages for all hours worked, and time and one-half for hours worked after forty hours in a week, Defendant violated New York Labor Law.

78. Upon information and belief, Defendant's failure to pay Named Plaintiff and those similarly situated full wages every week was willful.

79. By the foregoing reasons, Defendant has violated NYLL and is liable to Named Plaintiff and those similarly situated in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
## NEW YORK FAILURE TO PROVIDE ANNUAL WAGE NOTICES

80. Plaintiffs repeat and re-allege the allegations set forth above as if fully set forth herein.

81. Defendants have willfully failed to supply Plaintiffs with wage notices, as required by NYLL § 195(1), in English or in the language identified as their primary language, containing Plaintiffs rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if

11

applicable; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names use by the employer; the physical address of the employer's main office or principal place of business and a mailing address if different; the telephone number of the employer; plus, such other information as the commissioner deems material and necessary.

82. Plaintiffs did not receive all required wage notices during their employment with Defendants.

83. Through their knowing or intentional failure to provide Plaintiffs with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 et. seq., and the supporting New York State Department of Labor Regulations.

84. According to NYLL § 198-1(b), Plaintiffs are entitled to $50 for every week in which they did not receive a wage notice and/or statement, or a total of $2500, together with costs and reasonable attorney's fees..

85. By the foregoing reasons, Defendants have violated NYLL §§ 195(1) and 198-1(b) and are liable to the Plaintiffs in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**WHEREFORE**, Named Plaintiff, individually and on behalf of all other persons similarly situated who were employed by Defendants, demands judgment:

(1)     On the First Cause of Action against Defendants, all unpaid wages and unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs, pursuant to the FLSA

12

(2)      On the Second Cause of Action against Defendants, all unpaid minimum wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs pursuant to the New York Labor Law;

(3) On the Third Cause of Action against Defendants, all unpaid overtime wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs pursuant to the New York Labor Law;

(4) On the Fourth Cause of Action against Defendants, all unpaid wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, interest, attorneys' fees and costs pursuant to the New York Labor Law;

(5) On the Fifth Cause of Action, in an amount to be determined at trial, plus interest, attorneys' fees, and costs, pursuant to the New York Labor Law;

(3)      Such other and further relief as this Court may deem just and proper.

Dated: New York, New York
          December 10, 2020

By:      */s/ James Emmet Murphy*
          James Emmet Murphy, Esq.
          VIRGINIA & AMBINDER, LLP
          40 Broad Street, 7th Floor
          New York, New York 10004
          jmurphy@vandallp.com
          Tel:    (212) 943-9080
          Fax:    (212) 943-9082
          jmurphy@vandallp.com

          and

          Frank S. Gattuso, Esq.
          GATTUSO & CIOTOLI, PLLC
          The White House
          7030 E. Genesee Street
          Fayetteville, New York
          315-314-8000

13

315-446-7521 (fax)
fgattuso@gclawoffice.com

*Attorneys for the Plaintiff and putative class*