UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ORPHEUS GRANT, individually
and on behalf of all other persons
similarly situated,

                    Plaintiff,


          -v-                            3:20-CV-1526

AM COMMUNICATIONS,
LTD, AM COMMUNICATIONS,
LLC, and AM COMMUNICATIONS
OF OHIO, LLC,

                    Defendants.


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAVID N. HURD
United States District Judge

### FINAL ORDER APPROVING SETTLEMENT

Whereas, the parties have made an application pursuant to Rule 23(e) of

the Federal Rules of Civil Procedure for an order approving settlement in the

above-entitled action of the claims alleged, in accordance with a Settlement

Agreement and Release (the "Agreement"), which set forth the terms and

conditions for the settlement of this action against Defendants and for

dismissal of this action against Defendants with prejudice upon the terms

and conditions set forth therein;

Whereas, the Court having read and considered the Agreement, Plaintiffs' Unopposed Motion for Final Approval of the Proposed Settlement and Final Certification of the Rule 23 Class, the Memorandum of Law in Support dated November 16, 2023, the Declaration of James E. Murphy, and the exhibits attached thereto;

Whereas, on August 1, 2023, this Court issued an Order preliminarily approving the proposed settlement agreement and providing for notice of the settlement to the class after finding, based on a preliminary review, that the settlement was fair, just, reasonable, and in the best interest of the Named Plaintiff and of the Class, as defined in the proposed Agreement, and in accordance with Rule 23(e) of the Federal Rules of Civil Procedure;

Whereas, counsel for Plaintiffs has advised that no written objections to the settlement have been received, and no individuals have opted out of the settlement;

Whereas, the Court is satisfied that the proposed settlement in this action meets both procedural and substantive fairness;

Therefore, it is

ORDERED that

1. The Court FINDS that the settlement is procedurally fair and has been reached through arms-length negotiation between experienced counsel that engaged in adequate discovery;

2.  The Court FINDS that the settlement satisfies the nine[1] factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000) ("*Grinnell*");

3.  This Court has jurisdiction over the subject matter of this action, and over all parties to the action, including all class members;

4.  For purposes of this Order, all terms not otherwise defined herein shall have the same meanings set forth in the Agreement;

5.  The settlement set forth in the Agreement is approved and the settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Named Plaintiff and the class, in accordance with Rule 23(e) of the Federal Rules of Civil Procedure;

6.  With respect to the FLSA component of the settlement, the Agreement does not raise any of the concerns identified in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and is fair and reasonable in all respects;

7.  All terms and provisions of the Agreement shall be implemented;

---

[1] The *Grinnell* factors are (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and(9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. *Grinnell*, 495 F.2d at 463.

8.  Class members who have not properly and timely exercised their opt-out rights are conclusively deemed to have released or discharged Defendants from, and are permanently enjoined and barred from asserting, either directly or indirectly, against Defendants, any and all claims released in the Agreement.  All such matters are hereby finally concluded, terminated and extinguished;

9.  The settlement reflects a reasonable compromise over contested issues involving a bona fide dispute;

10.  The Notice distributed to class members fully and accurately informed the class of the proposed settlement, was the best notice practicable under the circumstances, and constituted valid, due and sufficient notice to all class members complying fully with Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution;

11  The Settlement Fund is to be distributed to the class members, pursuant to the Agreement, including the service awards to the Named Plaintiff, professional costs and fees to Plaintiffs' counsel, all in accordance with the terms of the Agreement to those individuals who have timely elected to participate in the settlement;

12  Neither this Final Approval Order, the Agreement, nor any document referred to herein, nor any action taken to carry out the Agreement is, may be construed as, or may be used as an admission by or against Defendants of

any fault, wrongdoing, or liability whatsoever.  Nor is this Final Approval

Order a finding of the validity of any claims in the lawsuit or of any

wrongdoing by Defendants.  No party shall be deemed the prevailing party by

virtue of the Agreement or this Final Approval Order; and

　　13.  Without affecting the finality of this Order in any way, this Court

hereby retains jurisdiction over consummation and performance of the

Agreement.

　　The Clerk of the Court is directed to terminate the pending motion, enter

a judgment accordingly, and close the file.

　　IT IS SO ORDERED.

Dated:  November 28, 2023
　　　　 Utica, New York.

David N. Hurd
U.S. District Judge